LawHQ, PC
299 S. Main St. STE 1300
Salt Lake City, UT 84111
385-285-1090

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Tammy Young<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Vintage Stock, Inc.<br><br>　　　　Defendant. | Case No.: 2:23-cv-00296<br><br>CLASS ACTION COMPLAINT<br><br>JURY DEMAND |

**INTRODUCTION**

1. Americans receive billions of spam text messages every year.

2. Defendant Vintage Stock, Inc., a company that owns websites which attempt to sell various products and services to consumers nationwide, is a major participant in this spam.

3. Like most Americans, Tammy Young and members of the classes, have a mobile cellular telephone.

4. Being mobile, Tammy and class members take their phones everywhere. They use their phones to receive and make important calls, to get emergency information and to receive and send messages to family members and friends. They use their phones in their homes and for their personal enjoyment.

5. But Tammy and members of the classes' privacy and phone have been invaded by relentless telemarketing texts from Vintage Stock.

CLASS COMPLAINT - 1

6. Tammy and class members have no relationship with Vintage Stock, have no account with Vintage Stock, have never provided any phone number to Vintage Stock and have never consented to Vintage Stock sending any type of communication.

7. Tammy and class members have tried to eliminate the harassment and invasion by these same unsolicited texts by registering on the National Do Not Call Registry ("DNCR"), but even that did not work.

8. Vintage Stock simply continues to blast illegal telemarketing texts while hiding its identity, without caring if consent was obtained, if the recipient was on the DNCR, or if she has replied back with "STOP" requests.

9. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ("TCPA"). But as every American knows, there are companies—like the Defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

10. Tammy brings this action for herself and for other similarly situated people in the United States to enjoin these abusive practices, and for damages.

**JURISDICTION AND VENUE**

11. This Court has original matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA 47 U.S.C. § 227.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

13. This Court has supplemental jurisdiction over Washington's Consumer Electronic Mail Act (CEMA) claim pursuant to 28 U.S.C. § 1367.

**PARTIES**

14. Tammy is a resident of Spokane County in Spokane, Washington.

15. Vintage Stock is a limited liability company with its principal place of business in Joplin, Missouri.

CLASS COMPLAINT - 2

## FACTUAL ALLEGATIONS

16. Tammy's home, phone, and privacy have been invaded by Vintage Stock's non-emergency text messages.

17. Tammy is the residential subscriber of the cell phone number (509) 218-5178. Tammy uses this number only for personal use and does not use it in any business.

18. Tammy registered (509) 218-5178 on the DNCR to stop telephone solicitations on April 6, 2018.

19. Tammy received at least seven spam texts from the short code, "88224," a short code that is owned and controlled by Vintage Stock. This fact is verified by links that Tammy received which were advertisements from "Vintage Stock," dba "Entertainmart." After texting "Help" to the short code, an automated message reply received stated, "Vintage Stock: 2 msg/mo Info: vintagestock.com/about/terms-of-use. Support: Call 417-206-0021 or email support@vintagestock.com Reply Stop to Cancel."

20. Tammy responded to one of these texts, on 10.21.2022, to order Vintage Stock to "STOP," however, Vintage Stock sent another text to her on 11.4.2022, clearly disregarding their own text instructions on how to initiate a stop, at least right away.

21. Vintage Stock knowingly and willfully initiated these same texts on at least seven different occasions from July 2022 through October 2022. Among these texts were the following examples:

    i. **On July 1, 2022, at 6:16 p.m. UTC From: Short Code #88284 sent To: #15092185178:**
*EntertainMART: Our Independence Day Sale is here! July 1-4, 2022 - huge savings all weekend. More details: https://bit.ly/3NAGQwh Reply STOP to stop*

    ii. **On August 8, 2022, at 9:27 p.m. UTC From: Short Code #88284 sent To: #15092185178:**
EntertainMART: Buy 1, Get 1 Free under $20 - Aug 8-11, 2022 with this coupon: https://bit.ly/3JiQl2E Terms: https://bit.ly/3bgQlnq Reply STOP to stop

CLASS COMPLAINT - 3

  iii. **On September 13, 2022, at 2:09 a.m. UTC From: Short Code #88284 sent To: #15092185178:**
EntertainMART: BUY 10 GET $10! Buy any 10 used items $1.99+ and get $10 off! https://bit.ly/3Br1QDa Reply STOP to stop

  iv. **On October 10, 2022, at 6:16 p.m. UTC From: Short Code #88284 sent To: #15092185178:**
EntertainMART: Buy 1, Get 1 Free under $25 - Oct 10-13, 2022 with this coupon: https://bit.ly/3rC34pt Terms: https://bit.ly/2DIQQ8h Reply STOP to stop

  v. **On November 4, 2022, at 6:18 p.m. UTC From: Short Code #88284 sent To: #15092182178**: Our ANNIVERSARY SALE is here! Nov 4-6, 2022 - HUGE deals in stores & online!
Details: https://bit.ly/3DQQR6W Reply STOP to stop

22. Tammy and class members never provided their numbers to Vintage Stock, never had a relationship with Vintage Stock, and never gave permission for the company to send any type of telemarketing.

23. The texts sent to Tammy solicited various coupons and sale specials for the purchase of their products, along with a link to click to its own *url*, hosting a company-owned website offering more products for sale.

24. The texts sent to Tammy did not disclose the name of the individual nor the name of the company that was actually sending the text solicitations.

25. Vintage Stock sent all of the texts to Tammy. This fact is based on the following:

  i. Short code 88284 is operated and controlled by Vintage Stock which, after clicking the link located in each text message, redirects the user to domains and websites that identify "Vintage Stock dba "Entertainment";

  ii. Vintage Stock sent various text messages to Tammy that included clickable links which directed the user to Vintage Stock's own *urls* which hosted websites that they own and control. These websites acknowledge ownership by Vintage Stock by printed text located on the website; and

  iii. The terms of certain websites mention that the short code is operated by Vintage Stock.

CLASS COMPLAINT - 4

26. On information and belief, Vintage Stock has sent thousands of similar text messages like these to thousands of people.

27. These text messages have caused Tammy, along with members of the class, frustration, stress, anxiety, and worry about scammers. The text messages cause Tammy and class members to avoid looking at their phones when it may be important. The text messages reduce the storage and battery life on their phones. The text messages dimmish the value of Tammy's and the class members' phones and their enjoyment of life. In short, the text messages invade Tammy's and class members' privacy and cause a nuisance, an annoyance, and an intrusion into their seclusion.

## LEGAL STANDARD

28. **TCPA Failure to Identify Caller**. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without disclosing the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

29. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

30. **Text Messages Are Calls.** Both phone calls and text messages qualify as a "call." *Satterfield v. Simon Schuster*, 569 F.3d 946, 952-54 (9th Cir. 2009) (citing *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Red. 14014, 14115 ¶ 165, 2003 WL 21517853).

31. **Commercial Electronic Text Messages pursuant to Washington Law**. "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular

CLASS COMPLAINT - 5

telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." RCW 19.190.060.

## CLASS ACTION ALLEGATIONS

32. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Tammy, and members of the classes, bring this action on behalf of herself, and four Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

33. **Class Definitions**. Tammy, along with others similarly situated, propose the following classes:

> **The National DNCR Class**
> All people in the United States (1) to whom Defendant initiated more than one telephone solicitation within any 12-month period, (2) to residential cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) in the four years from the filing of this action through the date of class certification.
>
> **The Failure To Identify Class**
> All people in the United States (1) who within four years prior to the filing of this action and through certification, (2) Defendant sent more than one telemarketing text message within any 12-month period, (3) to their residential cellular telephone number, (4) where the text message did not disclose the identity of the individual sending the message and the identity of the entity on whose behalf the message was sent.
>
> **Washington Commercial Text Message Class**
> All people in the State of Washington (1) within the four years prior to the filing of this action, (2) Defendant sent a commercial text message, (3) to their cellular telephone number, (4) that had not clearly and affirmatively consented in advance to receive the commercial text messages.

34. A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

CLASS COMPLAINT - 6

35.     If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

36.     **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least 40 members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

37.     **Commonality**.  A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The Supreme Court has said the word question in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

38.     There are questions of law and fact common to the proposed including:

    i.  Did they receive a text from Vintage Stock?

    ii.  Were the numbers texted registered on the Do Not Call Registry?

    iii.  Did the text properly disclose the identity of Vintage Stock?

    iv.  Were the text messages for an emergency purpose?

    v.  Were the actions willful or knowing?

39.     **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

40.     Plaintiffs' claims herein are typical of those of the Classes he seeks to represent. Plaintiffs' and the Class members' claims arise from the same conduct of Defendant.

41.     **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class? Plaintiffs are adequate representatives of the Classes because their interests are common with the interests of the Classes, and they will fairly and adequately protect the interests of the Classes by pursuing this matter. Plaintiffs are represented by counsel competent and experienced in TCPA and class action litigation.

42.     **Predominance of Common Questions and Superiority**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined at a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required.

43.     **Superiority**. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving

CLASS COMPLAINT - 8

1  the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining
2  whether class action is the superior method of litigation. First, the class members' interests in
3  individually controlling the prosecution or defense of separate actions. Fed. R. Civ.
4  P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already
5  begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or
6  undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ.
7  P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ.
8  P. 23(b)(3)(D). Where class wide litigation will reduce litigation costs and promote greater
9  efficiency, a class action may be the superior method of litigation.

44.     In the present suit, the questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violations of the TCPA are small. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

45.     Managing this case as a class action should have no significant difficulties. Notice to class members can be provided by mail. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all class members. The common answer to these questions will determine Vintage Stock's liability. Precedent demonstrates these questions can be litigated on a class wide basis.

**FIRST CAUSE OF ACTION**
**Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(d)**
**(On Behalf of Tammy and the Failure to Identify Class)**

46.     Vintage Stock's sending of telemarketing text messages to the residential cellular telephones of Tammy, and members of the Failure to Identify Class, without disclosing the

CLASS COMPLAINT - 9

identity of the individual and identity of the entity on whose behalf the messages are sent, constitutes a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d).

47. As a result of the violations of 47 C.F.R. § 64.1200(d), Tammy and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

48. Because the violations were knowingly and willfully, the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

49. Tammy, and members of the Failure to Identify Class, are also entitled to and seek injunctive relief requiring Vintage Stock to disclose the name of the actual individual and the actual name of the incorporated entity on whose behalf any text messages are sent when telemarketing.

## SECOND CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Tammy and the National Do Not Call Class)

50. Vintage Stock's telephone solicitations via text message to the residential cellular telephones of Tammy, and members of the National Do Not Call Class, while on the National Do Not Call Registry constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

51. As a result of the violation of 47 C.F.R. § 64.1200(c), Tammy and members of the National Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

52. Because the violations were knowingly and willfully, the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

53. Tammy and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Vintage Stock from sending telephone solicitations via text messages to phone numbers on the DNCR.

CLASS COMPLAINT - 10

**THIRD CAUSE OF ACTION**
**Violations of Washington Statutes § RCW 19.190.060**
**On Behalf of the Tammy Young and Washington's**
**Commercial Electronic Text Messages Class**

54.  Vintage Stock initiated or assisted in the transmission of unsolicited electronic commercial text messages to a telephone number assigned to Tammy, along with other Washington residents, using a cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages, a violation of § RCW 19.190.060.

55.  As a result of each violation of § RCW 19.190.060, Tammy and other members of the Washington Commercial Electronic Text Messages Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to § RCW 19.190.040 and 19.86.090.

56.  Tammy, and members of the class, are also entitled to injunctive relief prohibiting Vintage Stock from sending commercial text messages without first obtaining clear and affirmative consent.

**RELIEF REQUESTED**

57.  Tammy, and members of all classes, respectfully request that the Court grant all Class members the following relief against Vintage Stock:

A.  Certification of the proposed Classes;

B.  Appointment of Tammy as class representatives;

C.  Appointment of the undersigned as counsel for the Classes;

D.  An order enjoining Vintage Stock from sending telephone solicitations via text messages to phone numbers on the DNCR;

CLASS COMPLAINT - 11

E. An order requiring Vintage Stock to disclose the actual name of the individual as well as the actual name of the incorporated entity on whose behalf any text messages are sent when telemarketing;

F. An award of damages to Tammy and members of the Classes, as allowed by law; and

G. Punitive and exemplary damages for the willful misconduct; and

H. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs request a jury trial as to all claims of the Complaint so triable.

Dated: October 13, 2023

Respectfully Submitted,

/s/ *Conner Spani*
Conner Spani, WSBA #58788
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
Conner.spani@lawhq.com

*Attorney for Plaintiff*

CLASS COMPLAINT - 12