FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMY YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINTAGE STOCK INC,<br><br>　　　　Defendant. | No.  2:23-CV-00296-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss, ECF No. 15. The motion was heard without oral argument. Plaintiff is represented by Conner Spani. Defendant is represented by Jessica Jensen.

Plaintiff is bringing a putative class action under the federal Telephone Consumer Protection Act (TCPA) and the Washington Commercial Electronic Mail Act, (CEMA). Plaintiff alleges that she received at least seven spam texts from Defendant, notwithstanding that she registered her cell phone number on the National Do Not Call Registry. She asserts that she never provided her number to Defendant, never had a relationship with Defendant, and never gave permission for Defendant to send any type of telemarketing.

Defendant denies these allegations and instead asserts that Plaintiff visited its Coeur d'Alene, Idaho store and signed up to receive the text messages.

Defendant now moves to dismiss this action for want of personal jurisdiction. In the alternative, Defendant asks the Court to dismiss the class

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1**

allegations because the purported class is overbroad and involves highly

individualized inquiries unsuitable for class-wide resolution.

## Motion Standard

### A.    Fed. R. Civ. P. 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek to dismiss an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1554 (9th Cir. 2006).

### B.    Personal Jurisdiction

The Court exercises personal jurisdiction over defendants if (1) it is permitted by the state's long-arm statute and (2) the exercise of jurisdiction does not violate federal due process. *Id.* at 1154. Washington's long-arm statute extends the Court's personal jurisdiction to the broadest reach permitted by the United States Constitution. *See* Wash. Rev. Code § 4.28.185. Because Washington's long-arm statute is coextensive with federal due process requirements, the jurisdictional analysis is the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

A court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2**

substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Specific personal jurisdiction exists when the following requirements are met:

(1) The non-resident defendant must purposefully direct their activities or consummate some transaction with the forum or resident thereof . . .

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Purposeful direction is analyzed under a three-part test: whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). The test may be satisfied even if the defendant has no physical contact with the forum state. *Schwarzenegger,* 374 F.3d at 802.

**Analysis**

Defendant argues the Court does not have personal jurisdiction over it. Defendant Vintage Stock, Inc. is a limited liability company with its principal place of business in Joplin, Missouri. Plaintiff is a resident of Spokane County in Spokane, Washington.

Because the claims brought under the TCPA sound in tort, the question is whether Defendant purposefully directed its activities toward Washington. Defendants. *See Schwarzenegger*, 374 F.3d at 802. Here, the parties disagree whether Plaintiff went to Defendant's store and signed up to receive text messages from Defendant. Plaintiff denies that she did this, and instead asserts that the information in Defendant's records have been fabricated. At this stage of the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3**

1  proceedings, the Court must resolve all factual disputes in Plaintiff's favor. *Pebble*
2  *Beach Co.*, 453 F.3d at 1154. Thus, for purposes of dealing with Defendant's
3  motion, the Court presumes Plaintiff did not visit the Coeur d'Alene store and did
4  not sign up to receive text messages from Defendant.

5       The allegations in Plaintiff's Complaint are sufficient to establish that
6  Defendant purposefully directed its activities toward Washington. Although the
7  Court agrees it is no longer feasible to assume that an area code for a cell phone
8  number indicates that a person is residing in the state associated with the area code,
9  Defendant's own records show the text messages were sent to a phone number that
10  was associated with an address in Washington state. Based on this, the Court finds
11  that Defendant purposely directed its activities to a Washington state resident.
12  Whether Plaintiff signed up for the text messages is a question of fact that goes to
13  liability but does not affect the personal jurisdiction analysis. Rather, Defendant's
14  own evidence shows that it had notice it was sending a text to a Washington
15  resident. Additionally, Defendant has not shown that the exercise of personal
16  jurisdiction over it would be unreasonable.

17       The Court declines to dismiss the class allegations in Plaintiff's Amended
18  Complaint as requested by Defendant. It is premature for the Court to attempt to
19  evaluate the possible affirmative defenses Defendant may have to one or more
20  class members' claims. The Court will revisit Defendant's arguments after
21  discovery and the Court's consideration of Plaintiff's Motion for Class
22  Certification.
23  //
24  //
25  //
26  //
27  //
28  //

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4**

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Dismiss, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 14th day of March 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5**